IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES D. HARDEE,

    Plaintiff,

vs.  No. CIV 04-0097 JB/WDS

JOSHUA BAER, d/b/a
JOSHUA BAER & COMPANY,
a New Mexico corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Motion to Dismiss, or in the Alternative, Motion for Leave to File Untimely Answer, filed April 21, 2004 (Doc. 4); and (ii) the Plaintiff's Motion for Default Judgment, filed April 30, 2004 (Doc. 5). The primary issues are: (i) whether the Court has subject matter jurisdiction over the case; (ii) whether the Court should allow the Defendant to file an untimely answer; and (iii) whether the Court should enter a default judgment against the Defendant. Because the Court finds that it has jurisdiction over this case, and because the Court believes that it should decide this case on the merits, the Court will deny the motion to dismiss, grant the Defendant's request to file an untimely answer, and deny the Plaintiff's motion for a default judgment.

## FACTUAL BACKGROUND

The Defendant does not dispute that Plaintiff James D. Hardee is a resident of the State of Illinois, as Hardee alleges in paragraph 1 of the General Statement of Facts portion of his Complaint. Defendant Joshua Baer is an individual person and resides in Santa Fe, New Mexico.

Hardee is attempting to sue Baer and, at the same time, Baer's corporation, which Hardee styles as "Joshua Baer & Company." Hardee alleges that the corporation is a New Mexico corporation. The Defendant contends that the correct corporate entity is Joshua Baer, Inc., a New Mexico corporation with its principal place of business in New Mexico.

The Defendant's letterhead shows the name of the corporate entity which dealt with Hardee as being "Joshua Baer & Company." See Consignment Agreement (dated September 1, 1999); Letter from Joshua Baer to Jim Hardee (dated December 30, 2003). The address of Joshua Baer & Company is Santa Fe. See Consignment Agreement (dated September 1, 1999); Letter from Joshua Baer to Jim Hardee (dated December 30, 2003).

The weavings which are the subject matter of this action have a value in excess of $500,000.00. See Affidavit of Randolph B. Felker ¶ 3, at 1 (executed on April 30, 2004). According to Hardee's counsel's conversations with Baer, Baer sold those weavings to unknown third parties. See id. Baer has acknowledged he collected funds from his sale of the weavings, and has acknowledged he has failed to remit those funds to Hardee. See id. On one occasion, Baer informed Hardee's counsel that he had remitted a portion of the sale proceeds to Hardee, which Hardee disputes. See id.

Hardee's counsel has contacted another person who has informed him that Baer has engaged in a similar scheme of conduct, and has induced persons to provide him with possession of certain artifacts, only to later discover that Baer has sold the artifacts and has retained the sales proceeds. See id. ¶ 4, at 1. Hardee avers, on information and belief, that Baer has engaged in a similar scheme of fraudulent conduct, and has intentionally induced Hardee and others to give the Defendant possession of certain artifacts with the intent of selling the artifacts and converting the proceeds to

-2-

the Defendant's own use.  See id.

## PROCEDURAL BACKGROUND

Hardee filed his Complaint against the Defendants on January 24, 2004.  A summons was issued the same day. See Summons in a Civil Case (issued Jan. 29, 2004).  The Complaint and Summons were served on an adult at Baer's residence on January 30, 2004.  See Return of Service (dated January 30, 2004).

Baer has had several conversations with Hardee's counsel, and has acknowledged receipt of service of process of the Summons and Complaint.  See Felker Aff. ¶ 2, at 1.  Baer indicated to Hardee's counsel that he intends to hire an attorney to respond to Hardee's claims.  See id.  Baer has not yet done so.

The Complaint asserts causes of action against both Baer, individually, and Joshua Baer & Company.  In paragraph 4 of the Complaint, Hardee alleges that, if Joshua Baer & Company is a corporation, the corporate veil should be pierced because of Baer's failure to observe corporate formalities, failure to identify Joshua Baer & Company as a corporation, failure to identify himself as a corporate officer, use of the corporation as his alter ego, and use of a corporate artifice with the intent to avoid lawful obligations and to commit tortious and unlawful acts.

The Defendant moves the Court for an order dismissing the complaint with prejudice based on lack of subject matter jurisdiction.  In the alternative, and without waiving the foregoing defense of lack of subject matter jurisdiction, the Defendant moves the Court for an order granting leave to file an untimely answer.  The Defendant attached a copy of the proposed answer to the Complaint.

The Defendant is acting without representation of counsel in this matter.  The Defendant has been engaged in good faith negotiations to resolve this matter with Hardee's counsel.  The Defendant

contends that the parties have been, and are still in the process of, negotiating a settlement. The Defendant represents that, as a result of ongoing negotiations, he did not believe it was necessary to file an answer in court within the time set out in the Summons. The Defendant believed Hardee's counsel had implicitly agreed to extend the time for filing an answer.

Hardee moves the Court to enter a default judgment against the Defendant on all liability issues. Hardee represents that discovery is needed on the issues of fraud, intentional conduct, actual damages, punitive damages, the whereabouts and locations of the artifacts which are the subject matter of this suit, the identities of those persons who possess such items, the Defendant's modus operandi relative to sales of artwork and artifacts during the last four years, and all sales and transactions involving the weavings which are the subject matter of this action. Hardee also requests that the Court to set an evidentiary hearing on all damage issues.

## LAW REGARDING COURT'S JURISDICTION

Article III requires a federal court to satisfy itself of its subject-matter jurisdiction before it considers the merits of a case. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). "For a court to pronounce upon [the merits] when it has no jurisdiction to do so, is . . . for a court to act ultra vires." Id. (citation and internal quotation marks omitted).

Section 1332(a)(1) grants federal courts jurisdiction in matters involving citizens of different states where the matter in controversy exceeds the value of $75,000.00. See 28 U.S.C. 1332(a)(1). The Supreme Court has not required that the all defendants have different parties; only that none of the defendants can have the same residency as the plaintiff.

## LAW REGARDING FILING UNTIMELY ANSWERS

Under rule 6(b)(2) of the Federal Rules of Civil Procedure, the Court has broad discretion to

enlarge time to permit a defendant to file an answer if justice so requires. When the motion for enlargement of time is made after the expiration of time, the moving party must show that the failure was the result of excusable neglect. See Fed. R. Civ. P. 6(b)(2). Excusable neglect may encompass delays caused by inadvertence, by mistake, or by carelessness, at least where the delay is not long, where there is no bad faith, and where there is not prejudice to the opposing party; the movant's excuse must also have some merit. See LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995)(citing Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 392 (1993)). To determine whether the neglect is excusable, the Court must take account of all relevant circumstances, including the danger or prejudice to the other party, the length of the delay and its potential impact on the judicial proceedings, and the reason for the delay, including whether it was within the movant's reasonable control and whether the moving party is acting in good faith. See Stringfellow v. Brown, 105 F.3d 670, *1 (10th Cir. 1997)(unpublished opinion).

## LAW GOVERNING REQUESTS FOR DEFAULT JUDGMENT

Whether to grant a motion for default judgment is within the trial court's discretion. See Fed. R. Civ. P. 37(b)(2)(C). Although a default may establish a defendant's liability, the Court should make an independent determination of the sum to be awarded unless the amount of damages is certain. See Flynn v. Mastro Masonry Contractors, 237 F.Supp.2d 66, 69 (D.D.C. 2002); Fed. R. Civ. P. 55.

As a general rule, the Court should enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits. See Adolph Coors Co. v. Movement against Racism and the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). The decision whether to call

for a hearing before awarding damages in a default judgment rests in the trial court's discretion. See Pope v. United States, 323 U.S. 1, 12 (1944); Fed. R. Civ. P. 55(b)(2).

## ANALYSIS

The Court has subject-matter jurisdiction over this case. Thus, the Court will deny the Defendant's motion to dismiss. And the Court should, to the extent possible, decide cases on the merits. Accordingly, the Court will grant the Defendant leave to file his answer and will deny the motion for a default judgment.

### I. THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS CASE.

Baer contends that the Court lacks subject matter jurisdiction because of incomplete diversity of citizenship. Insofar as Hardee is attempting to sue both Baer personally and the corporate entity, Hardee is suing two separate parties, each of which has a principal residence in Santa Fe. That Baer and his company are both citizens of New Mexico does not destroy the complete diversity which would permit the Court to exercise subject matter jurisdiction based on a diversity of citizenship. Assuming the Defendant's arguments and factual assertions are correct, complete diversity exists between Hardee, a resident of Illinois, and the Defendants, residents of New Mexico.

The Court will deny the Defendant's motion to dismiss.

### II. THE COURT WILL GRANT THE DEFENDANTS LEAVE TO FILE THEIR ANSWER.

The Defendant is acting *pro se*. The Defendant contends that he is ignorant of the law's procedural requirement and that their ignorance is excusable. The Defendant has been working toward a settlement with Hardee through Hardee's counsel. The Defendant acted under a mistaken assumption that he was not required to file an answer while negotiations were pending.

Courts should decide issues on their merits, rather than by default, and the Defendant contends that he has meritorious defenses to the allegations in the Complaint.  Hardee has not made a showing of prejudice.  Hardee would not be unduly prejudiced by allowing the Defendant to belatedly file an answer to the Complaint.

The Court will grant the Defendant additional time in which to file his answer.

### III.    THE COURT WILL DENY HARDEE'S MOTION FOR A DEFAULT JUDGMENT.

Hardee contends that his Complaint states a claim upon which the Court can grant relief.  He also contends that the Defendant has not proved a meritorious defense.  The Court should decide these issues, however, after discovery and appropriate proceedings, not on a motion for default.

The Court should allow the Defendant to file his answer.  The Court should also allow Hardee to conduct discovery.  The Court should then conduct a hearing or trial to determine the relief and/or the amount of damages, if any, the Court should award.

The Court will deny Hardee's motion for a default judgment.

**IT IS ORDERED** that the Defendant's Motion to Dismiss, or in the Alternative, Motion for Leave to File Untimely Answer, is granted in part and denied in part.  The Defendant's request for an order of dismissal for lack of subject matter jurisdiction is denied.  The Defendant's request for an order granting enlargement of time to answer the Complaint is granted.  The Defendant shall file his answer within ten days of the entry of this order.  The Plaintiff's Motion for Default Judgment is denied.

                                                                _____
UNITED STATES DISTRICT JUDGE

Counsel:

Randolph B. Felker
Felker, Ish, Ritchie, & Geer, P.A.
Santa Fe, New Mexico

    *Attorneys for the Plaintiff*

Joshua Baer
Santa Fe, New Mexico

    *Pro se Defendant*